JACOB DIETSCH, PLAINTIFF-PROSECUTOR, v. EDWARD J. SMITH ET AL., TRADING, ETC., AS SMITH BROTHERS, DEFENDANTS-RESPONDENTS.

Decided March 17, 1927.

**District Courts — Judgments — New Trial — Judgment Already Docketed—New Trial May be Had Under Statute if Application be Made Within Thirty Days—This was Not Done.**

On *certiorari.*

Before Justices PARKER, BLACK and CAMPBELL.

For the prosecutor, *Mendelsohn & Mendelsohn.*

For the respondents, *Richard Spitz.*

PER CURIAM.

On May 5th, 1925, prosecutor recovered a judgment in the Paterson District Court against the respondents, and on June 26th, 1925, execution was issued and on July 10th, 1925, returned unsatisfied. On July 10th, 1925, the judgment was docketed in the Court of Common Pleas of the county of Passaic.

On July 24th, 1925, the respondents obtained an order requiring the prosecutor to show cause before the District Court on August 4th, 1925, why the judgment obtained May 5th, 1925, should not be opened. On August 7th, 1925, the District Court, by its order, set aside the judgment of May 5th, 1925, and granted new trial. By another order dated October 7th, 1926, the District Court vacated its previous order of August 7th, 1925, setting aside the judgment and ordering a new trial. On October 22d, 1926, the District Court granted respondents an order to show cause why its order of October 7th, 1926, should not be set aside and a new trial granted in accordance with its previous order of August 7th, 1925. On November 8th, 1926, an order was made setting aside the order of October 7th, 1926, and granting a new trial in accordance with the order of August 7th, 1925.

The present writ brings up for review these proceedings.

All of the proceedings directed to the setting aside of the judgment and ordering a new trial are clearly in conflict with the provisions of the District Court act (2 *Comp. Stat.*, *p.* 1951, § 17), which is as follows:

"In every case tried in any of said courts the judge may, if he sees fit, order a new trial to be had upon such terms as he shall think reasonable, and in the meantime stay proceedings, provided that application for such new trial, except where the said application is based upon newly-discovered evidence, shall be made within thirty days."

There is nothing in the return to the writ showing that the new trial was ordered upon the ground of newly-discovered evidence.

The District Court was clearly without jurisdiction and the orders and proceedings brought up for review are set aside.